**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

DARRELL SCOTT HAMMER,    \*
            \*
   Plaintiff,     \*
v.            \*   No. 3:26-cv-00051-LPR-JJV
            \*
FRANK J. BISIGNANO,    \*
Commissioner of the     \*
Social Security Administration,  \*
            \*
   Defendant.    \*

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Lee P. Rudofsky. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Plaintiff, Darrell Hammer, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. Both parties have submitted appeal briefs and the case is now ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see*

*also* 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).  In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff was fifty-three years old at the time of the administrative hearing.  (Tr. 48.)  He has a high school education, (Tr. 48), and past relevant work as a truck driver.  (Tr. 33.)

The Administrative Law Judge[2] (ALJ) first determined Plaintiff had not engaged in substantial gainful activity since July 7, 2021, the amended alleged onset date.  (Tr. 23.)  He next found Mr. Hammer has "severe" impairments in the form of "bilateral hand index metacarpal phalangeal joint arthritis, history of left hip replacement, degenerative disc disease, chronic pain

---

[2]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

syndrome, spondylosis, general anxiety disorder, depressive disorder." (*Id.*) The ALJ determined that Plaintiff did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 23-26.)

The ALJ next determined Mr. Hammer had the residual functional capacity (RFC) to perform a reduced range of light work. (Tr. 26.) Based on this RFC, the ALJ concluded Plaintiff could no longer perform his past work as a truck driver. (Tr. 33.) Accordingly, the ALJ employed the services of a vocational expert to determine whether jobs existed that Mr. Hammer could perform despite his impairments. (Tr. 73-78.) Based in part on the vocational expert testimony, the ALJ found that Plaintiff could perform the jobs of usher, furniture rental clerk, and photo counter clerk. (Tr. 34.) Accordingly, the ALJ concluded Mr. Hammer was not disabled. (*Id.*)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, (Tr. 6-10), making the ALJ's decision the final decision of the Commissioner. Plaintiff filed the instant Complaint initiating this review. (Doc. No. 2.)

In support of his Complaint, Plaintiff argues that the ALJ's mental RFC is not supported by substantial evidence. (Doc. No. 7 at 7-14.) In particular, Plaintiff argues that the ALJ fully credited consulting examiner, Samuel Hester, Ph.D., but failed to include Dr. Hester's limitation that Plaintiff "could not complete work tasks in [an] acceptable time frame." (*Id.* at 8.)

The Commissioner responds, "Undoubtedly, it would have been preferrable that the ALJ provide further and more specific discussion of Dr. Hester's opinion that Plaintiff could not complete work tasks in an acceptable timeframe. But perfection is not required." (Doc. No. 9 at 10.) The Commissioner further argues that the decision is free from harmful legal error and is supported by substantial evidence. (*Id.* at 11.)

Dr. Hester completed a consultative Mental Diagnostic Evaluation of Plaintiff. (Tr. 1631-1638.) He diagnosed Plaintiff on Axis I with anxiety disorder, adjustment disorder with depressed mood, pain disorder, and amphetamine abuse in full sustained remission. (Tr. 1636.) On examination, Dr. Hester noted no history of psychosis or psychotic symptoms, no cognitive complaints, that Plaintiff was sad over the loss of his career and that he was worried about his health decline and finances. (Tr. 1631.) He reported that Mr. Hammer had "only been in mental health treatment a few months" and was "being seen in therapy weekly." (Tr. 1631-1632.) Plaintiff is prescribed diazepam and hydrocode. (Tr. 1632.) Dr. Hester reported that Plaintiff appeared "both anxious and depressed," but was appropriately dressed and groomed, hygiene was good, displayed a good attitude and was cooperative, his affect was appropriate to mood, did not show any abnormalities in fluency, rate nor volume, and his communication was effective. (Tr. 1633.) Dr. Hester observed Plaintiff's thought process was logical with no looseness of associations, he did not display any overvalued ideas, bizarre obsessions or preoccupations, and did not report suicidal or homicidal ideations. (Tr. 1633-1634.) With regard to the effects of Plaintiff's mental impairments on his adaptive functioning, Dr. Hester noted nothing that would effect his activities of daily living, impact his ability to communicate and interact in a socially adequate manner, communicate in an intelligible and effective manner, cope with the mental demands of work, attend to and sustain concentration on basic tasks, or sustain persistence in completing tasks. (Tr. 1636-1637.) Yet, without explanation, Dr. Hester concluded that Mr. Hammer was unable to complete work tasks in an acceptable timeframe. (Tr. 1637.)

About Dr. Hester, the ALJ said:

> Consultative examiner Samuel Hester, Ph.D., P.A., assessed the claimant in October 2023 and stated that the claimant is able to drive short distances, can tend to activities of daily living most of the time but does have times when he needs

assistance with shoes and socks, has the capacity to communicate and interact in a socially adequate manner, to communicate in an intelligible and effective manner, is able to cope with the mental demands of basic work tasks, can attend and sustain concentration on basic tasks, and can sustain persistence in completing tasks but cannot complete work tasks in an acceptable time frame (Ex. 32F/6, 7). The opinion of Dr. Hester is consistent with the objective record. For example, the claimant had generally normal muscle tone and strength, and was able to walk heel-to-toe, heel walk, and toe walk, he was able to perform activities of daily living that generally involve ambulation, such as going shopping, running errands, performing yard work and going camping, and he treated with prescription medications and reported improvement with such treatment, including that he is doing pretty good even though it is hard "stays as busy as my pain allows" (Ex. 6F/5, 8F/8, 34, 84, 85, 14F/3, 15F/5, 22F/10, 30, 34, 53, 100, 34F/5, 34). Next, although the claimant told treating medical service providers that he "consistently stays on task and completes projects" and that he was "doing pretty good" he reported that he is limited by pain which exacerbates his mood (Ex. even though it is hard (Ex. 22E, 22F/1853, 100). Such evidence is consistent with the opinion of Dr. Hester. Additionally, such statements are supported by the findings and conclusions of Dr. Hester following in-person evaluation, as well as narrative explaining the findings. As such, the undersigned finds the opinion of Dr. Hester is persuasive.

(Tr. 31.)

Plaintiff cites no authority directly on point to support his argument that this discrepancy requires reversal. And the Commissioner says, "There is no binding precedent finding that an ALJ must adopt all limitations articulated in a persuasive opinion; the Eighth Circuit has not provided definitive guidance on this issue and courts within this circuit are not aligned on the subject." (Doc. No. 9 at 9.) Nevertheless, after carefully considering Plaintiff's argument and the Commissioner's response, I find any error is harmless.

The critical question here is whether the ALJ's decision is supported by substantial evidence. I find that it is.

The ALJ accounted for Plaintiff's mental limitations when he stated:

Overall, the medical evidence of record suggests that the claimant's mental symptoms do not limit his functioning as alleged, however, mental-related limitations were nonetheless assigned out of an abundance of caution. As such, the medical evidence of record does not support the claimant's allegations of disabling

functional limitations due to mental limitations. The foregoing does not mean the claimant does not have substantial limitation, but the evidence of record suggests that the claimant's impairments do not limit the claimant to the extent alleged. The record indicates that the claimant's scores on a GAD-7 indicated severe anxiety, and the claimant treated with prescription medication (Ex. 22F/23, 44). However, this is contradicted with consistent substantial activities of daily living and the benign medical findings noted above. Nonetheless, the undersigned accommodated this by limiting the claimant to simple, routine, and repetitive with ability to make simple work-related decisions. Accordingly, greater limitations than those stated in the residual functional capacity are not consistent with the longitudinal record.

(Tr. 30.)

And a review of Plaintiff's testimony at the administrative hearing supports the ALJ's conclusion that Plaintiff could perform simple, routine and repetitive work activities.   (Tr. 48-73.) So, like the Commissioner, I would prefer that the decision be clearer on this point, I agree the ALJ's decision "enjoys substantial evidentiary support and is free from harmful legal error." (Doc. No. 9 at 11.)

Without question, Plaintiff suffers from some degree of pain and limitation.   However, he has failed to meet his burden of proving he is completely disabled.   "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."   42 U.S.C. § 423(d)(1)(A) (emphasis added).   A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."   42 U.S.C. § 423(d)(3).   Based on the record, substantial evidence supports a finding that Plaintiff is capable of performing a reduced range of light work.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which

6

contradicts his findings.   The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.   *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.   *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.   I commend counsel on both sides for their excellent work on behalf of their respective clients.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be affirmed, and Plaintiff's Complaint be dismissed with prejudice.

DATED this 8th day of June 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

7